O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES – GENERAL</u>

| | |
|---|---|
| Case No. SACV 13-00906-DOC (JPRx) | Date: March 11, 2014 |

Title: FRANK W. CUTLER, ET AL. V. RANCHER ENERGY CORP., ET AL.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| | |
|---|---|
| <u>Julie Barrera</u><br>Courtroom Clerk | <u>Not Present</u><br>Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PLAINTIFF:<br>None Present | ATTORNEYS PRESENT FOR DEFENDANT:<br>None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

Before the Court is Defendant's Motion to Dismiss (Dkt. 31). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered Defendant's Motion to Dismiss, Plaintiff's Opposition (Dkt. 38), and Defendant's Reply (Dkt. 39), the Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss.

**I. BACKGROUND**

Plaintiffs Frank W. Cutler et al. ("Plaintiffs") invested money with Defendants Rancher Energy Corp. ("Rancher") and John Works (CEO of Rancher) ("Mr. Works"). Pl.'s Compl. ¶19–20 (Dkt. 28). Rancher offered to sell shares of its common stock for cash in a private placement offering. *Id.* at ¶20. Plaintiffs contacted Mr. Works to obtain more information and discuss the offer, emphasizing that they would make a decision whether to invest or not based upon Mr. Works' advisements. *Id.*

During repeated phone calls, Mr. Works allegedly urged Plaintiffs to invest quickly, assuring them that the investment "was a sure thing" and that "everyone will make a lot of money." *Id.* at ¶23. Mr. Works explained that the funds would be used to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0906-DOC (JPRx)                              Date: March 11, 2014

Page 2

purchase several valuable oil fields and warned that other investors would seize the opportunity should Plaintiffs fail to act. *Id*. at ¶21. Mr. Works also allegedly promised to provide documentation regarding the private placement offering and a financing deal that was arranged with Goldman Sachs. *Id*. at ¶22.

Plaintiffs wired $1,843,025 to Mr. Works and Rancher. *Id*. at ¶23. Eventually Rancher entered bankruptcy and Plaintiffs' claim was subordinated to the interests of secured and unsecured creditors. *Id*. at ¶34. Because of this, Plaintiffs received nothing from the distribution of Rancher's estate and lost their entire investment. *Id*.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). For example, the Court can consider the complaint but not information in the moving papers when evaluating the complaint's sufficiency. *See Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) ("Review is limited to the complaint; evidence outside the pleadings…cannot normally be considered in deciding a 12(b)(6) motion.") (internal quotation marks and citations omitted). However, under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002).

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)　　　　　　　　　　　　　　　　　　　Date: March 11, 2014
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　Additionally, Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by Galbraith v. County of Santa Clara* 307 F.3d 1119, 1125-26 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

　　　　Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III.　ANALYSIS

　　　　Plaintiffs set forth two claims in their Second Amended Complaint: (1) Negligent Misrepresentation, and (2) Violation of California Corporations Code Section 25401 – Untrue Statements or Omissions in Connection with Sale of Security. The Court finds that Plaintiffs' negligent misrepresentation claim is insufficiently pleaded, but that their claim for violation of Section 25401 is sufficiently pleaded to survive Rancher's Motion to Dismiss. Accordingly, the Court GRANTS Rancher's motion in part, DISMISSING Plaintiffs' negligent misrepresentation claim WITHOUT PREJUDICE, and DENIES Rancher's motion in part as to Plaintiffs' claim for violation of Section 25401.

### A. Does Rancher's prior bankruptcy bar this action?

　　　　The Bankruptcy Appellate Panel of the Ninth Circuit has addressed the issue of whether pursuing an action post-discharge against a named debtor solely in order to collect on an insurance policy is permissible. *See In re Beeney*, 142 B.R. 360 (B.A.P. 9th Cir. 1992). The court concluded that such actions are permissible so long as the plaintiff "does not intend to enforce any judgment against [the defendant] or his property." *Id*. at

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                                        Date: March 11, 2014
                                                                                                                                            Page 4

363. Thus, suits by plaintiff-creditors against named defendant-debtors "for the limited purpose of establishing the latter's liability" do not violate the discharge injunction in 11 U.S.C. §524(a). *Id*. at 364.

      Here, the Court takes judicial notice of the document filed in Rancher's prior bankruptcy entitled "Disclosure Statement for Second Amended plan of Reorganization." *In re Rancher Energy Corp.*, United States Bankruptcy Court, District of Colorado, Case No. 09-32943 MER (Dkt. 818). The Plan states, "Insurance coverage may exist for the claims and the respective carriers have been given notice. The Plan does not affect the right of the Shareholder Litigation Group [Plaintiffs] to pursue such carriers." *Id*. The Plan also recognizes the existence of a tolling agreement between Rancher and Plaintiffs concerning the statute of limitations for such a suit. *Id*. Moreover, Plaintiffs have clarified in their Opposition that they "are not proceeding against Rancher's property, but instead only against the above-referenced insurance coverage." Pl.'s Opp'n 3 (Dkt. 38). Therefore, the Court finds that Plaintiffs' suit is not barred by the discharge injunction in Rancher's prior bankruptcy.

### B. Does Federal Rule of Civil Procedure 9(b) apply to claims of negligent misrepresentation?

      Whether Rule 9(b) applies to claims of negligent misrepresentation is an issue that has divided the Circuit courts. *Compare Trooien v. Mansour*, 608 F.3d 1020, 1028 (8th Cir. 2010) (holding that Rule 9(b) applies), *and Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 583 (2d Cir. 2005) (same), *with Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007) (holding that Rule 9(b) does not apply), *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 394, 396–97 (5th Cir. 2005) (same), *and Baltimore Cnty. v. Cigna Healthcare*, 238 F. App'x 914, 921–22 (4th Cir. 2007) (same). The Ninth Circuit has not yet decided the issue. *Anschutz Corp. v. Merrill Lynch and Co. Inc.*, 785 F. Supp. 2d 799, 823 (N.D. Cal. 2011). *But see Miller v. Int'l Bus. Mach. Corp.*, 138 Fed. App'x 12, 17 (9th Cir. 2005) (unpublished decision holding that Rule 9(b) does not apply).

      The issue similarly divides the California district courts. *Compare Patriot Scientific Corp. v. Korodi*, 504 F. Supp. 2d 952, 965 (S.D. Cal. 2007) (holding that Rule 9(b) applies), *Black & Veatch Corp. v. Modesto Irrigation Dist.*, 827 F. Supp. 2d 1130, 1146 (E.D. Cal. 2011) (same), *Neilson v. Union Bank of Cal., N. A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (same), *and U.S. Concord, Inc. v. Harris Graphics Corp.*, 757 F. Supp. 1053, 1058 (N.D. Cal. 1991) (same), *with Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 418 (C.D. Cal. 2012) (holding that Rule 9(b) does *not* apply, and criticizing and rejecting line of authority reaching the opposite conclusion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0906-DOC (JPRx)                                 Date: March 11, 2014

                                                                                                        Page 5

      This Court finds that Rule 9(b) does not apply to claims of negligent misrepresentation for two reasons: (1) the Ninth Circuit has held that Rule 9(b) does not apply in cases where fraud is not an essential element of a claim, and (2) California state law suggests that such claims sound primarily in negligence, not fraud.

### 1. The Ninth Circuit has held that Rule 9(b) does not apply to cases where fraud is not an essential element of a claim

      In *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003), the Ninth Circuit held that in cases where fraud is not an essential element of the claim, and the complaint alleges both fraudulent and non-fraudulent conduct, Rule 9(b) applies only to allegations of fraud. *Id*. at 1104–05. In such cases, "an inadequate averment of fraud does not mean that no claim has been stated." *Id*. Rather, "if particular averments of fraud are insufficiently pled under Rule 9(b), a district court should 'disregard' those averments, or 'strip' them from the claim. The court should then examine the allegations that remain to determine whether they state a claim." *Id*.

      Of course, *Vess* begs the question whether fraud is an essential element of a claim of negligent misrepresentation. This has led some district courts to conclude that claims of negligent misrepresentation sound in fraud and are subject to the heightened pleading standard of Rule 9(b). *See, e.g., Stearns v. Select Comfort Retail Corp.*, 08-2746 JF, 2009 WL 1635931, at *12 (N.D. Cal. June 5, 2009). Yet as the district court in *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413 (C.D. Cal. 2012) recently noted, these courts generally cite two cases to justify their conclusion—*Glen Holly Entertainment, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086 (C.D. Cal. 1999), and *U.S. Concord, Inc. v. Harris Graphics Corp.,* 757 F. Supp. 1053 (N.D. Cal. 1991). *See Petersen*, 281 F.R.D. at 416. According to the *Petersen* court, these cases "appear to be the wellspring for a river of district court authority that unquestioningly parrots this holding." *Id*. The *Petersen* court found that Rule 9(b) does not apply because *Glen Holly* and *U.S. Concord* cite no authority to support their holdings and because applying the heightened pleading standard to claims of negligent misrepresentation violates both the express language and policy of Rule 9(b). *Id*. This Court reaffirms the reasoning in *Petersen*, and offers additional reasons why Rule 9(b) is inapplicable in the next section.

      Because Rule 9(b) does not apply in cases where fraud is not an essential element of a claim, and because federal courts adopt the substantive law of the state in which they are located, this Court must look to California state law to decide whether fraud is an essential element of a claim of negligent misrepresentation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0906-DOC (JPRx)                                Date: March 11, 2014

                                                                                                        Page 6

## 2. California state law suggests that claims of negligent misrepresentation sound primarily in negligence

       California state courts have never decided whether the tort of negligent misrepresentation must be pled in state court with the same specificity as a claim of fraud. It is true that in *Small v. Fritz Companies, Inc.*, 30 Cal. 4th 167 (2003), the California Supreme Court held that "a complaint for negligent misrepresentation in a holder's action should be pled with the same specificity required in a holder's action for fraud." *Id*. at 184. However, the court confined its holding to the specific scenario where a plaintiff alleges that he or she has been induced to *hold* stock already owned (and forego the opportunity to sell) because of a negligent misrepresentation. *Id.* The court cautioned "[w]e express no view on whether this pleading requirement would apply in other actions for negligent misrepresentation." *Id.*

       Although the court declined to resolve the issue in *Small*, prior cases discussing the nature of the tort of negligent misrepresentation suggest that it need not be pled with specificity. In *Bily v. Arthur Young & Co.*, 3 Cal. 4th 370 (1992), the California Supreme Court stated "[n]egligent misrepresentation is a separate and distinct tort, a species of the tort of deceit." *Id.* at 407–08. The court quoted §1710 of the California Civil Code in support of its statement. *See* Cal. Civ. Code §1710, subd. 2 ("The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true"). Nowhere did the court imply, however, that because negligent misrepresentation is a "species" of deceit, it sounds in fraud instead of negligence.

       Four years later, however, the California Court of Appeal addressed the issue of whether negligent misrepresentation sounds in fraud or negligence. In *Ventura Cnty. Nat. Bank. v. Macker*, 49 Cal. App. 4th 1528 (1996), the court held that a claim of negligent misrepresentation implicates the two-year statute of limitations for negligence, rather than the three-year statute of limitations for fraud. *Id*. at 1531. The court concluded that the essence of a cause of action for negligent misrepresentation "is negligence, not fraud." *Id*. at 1531. It explained that "[n]egligent misrepresentation may be a species of deceit, but it is not a thoroughbred." *Id*. at 1529. It acknowledged that the California Supreme Court had characterized the tort as a species of deceit in *Bily*, but pointed out that the court also "spoke of the scope of liability engendered by a negligent misrepresentation" and cited cases dealing with acts of negligence to support its holding. *Macker*, 49 Cal. App. 4th at 1531. The court summed up its holding by stating "[n]egligent misrepresentation is born of the union of negligence and fraud. If negligence is the mother and misrepresentation the father, it more closely resembles its mother." *Id*.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                                                                 Date: March 11, 2014
                                                                                                                                Page 7

      Thus, California state law suggests that the tort of negligent misrepresentation more closely fits within the concept of negligence than the concept of fraud. It appears, therefore, that fraud is not an essential element of a claim of negligent misrepresentation. *See also Petersen*, 281 F.R.D. at 417 ("Because the California tort of 'negligent misrepresentation' has a critically different element from the tort of 'fraud,' analyzing negligent misrepresentation under Rule 9(b) is contrary to both the express language and policy of the statute."); *cf. Vess*, 317 F.3d at 1105 ("The only consequence of a holding that Rule 9(b) is violated with respect to a §11 claim would be that any allegations of fraud would be stripped from the claim. *The allegations of innocent or negligent misrepresentation*, which are at the heart of a §11 claim, *would survive*." (quoting *Carlon v. Thaman (In re NationsMart Corp. Sec. Litig.)*, 130 F.3d 309, 315 (8th Cir. 1997) (emphasis added)).

      Because negligent misrepresentation more closely resembles negligence than fraud, and because the Ninth Circuit requires only averments of fraud need satisfy Rule 9(b), this Court holds that claims of negligent misrepresentation sound primarily in negligence and do not automatically implicate Rule 9(b)'s heightened pleading standard. Only averments of fraud included in the complaint (if any) must satisfy the rule; all other allegations must satisfy the less stringent requirements of Rule 8.

### C. Does Federal Rule of Civil Procedure 9(b) apply to claims alleging violations of California Corporations Code §25401?

      Section 25401 encompasses both actions for fraud and for negligent misrepresentation in the sale of securities. *See Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 249 (2007) (describing §25401 as one of "several sections that define fraudulent and prohibited practices in the purchase and sale of securities"); *Lynch v. Cook*, 148 Cal. App. 3d 1072, 1087 (1983) (referring to §25401 as "statutory negligent misrepresentation" and explaining that it "is essentially identical to clause (b) of rule 10b–5 promulgated under section 10(b) of the Securities Exchange Act of 1934 and governs negligent misrepresentation in securities sales"); Cal. Corp. Code § 25401 ("It is unlawful for any person, in connection with the offer, sale, or purchase of a security, directly or indirectly, to…(b) Make an untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading.").

      At least one court has found that Rule 9(b)'s heightened pleading standard applies to claims alleging violation of Section 25401. *See Yee v. NIVS Intellimedia Tech. Grp., Inc.*, No. 11-8472, 2013 WL 1276024 at *3 (C.D. Cal. Mar. 25, 2013). However, this Court finds that because subdivision (b) of Section 25401 governs negligent

misrepresentations in securities sales, application of Rule 9(b) to this statutory cause of action would be inappropriate for the same reasons that it would be inappropriate if applied to common law actions for negligent misrepresentation. *See Openwave Sys. Inc. v. Fuld*, No. 08-5683, 2009 WL 1622164 at *4 (N.D. Cal. June 6, 2009) (finding that cause of action for violation of §25401 need not comply with Rule 9(b) because complaint alleged negligent behavior, not fraudulent conduct); *cf. In re Daou Sys., Inc.*, 411 F.3d 1006, 1028 (9th Cir. 2005) (holding that entire complaint sounded in fraud because it made "a 'wholesale adoption' of the securities fraud allegations for purposes of the Securities Act claims," and because "plaintiffs here never rely on such conduct as negligence or mistake in stating their claims").

Thus, the Court holds that claims alleging a violation of Section 25401 need not satisfy Rule 9(b) if grounded on only negligent behavior. Such claims must satisfy the less exacting requirements of Rule 8. Any averments of fraud in the complaint must, of course, satisfy Rule 9 or be stripped from the claim.

### D.  Negligent Misrepresentation Claim

Rancher makes three main arguments concerning Plaintiffs' negligent misrepresentation claim: (1) the statements made by Mr. Works amount to "mere puffery"; (2) Plaintiffs cannot show justifiable reliance because he acted in reliance on puffery; and (3) Plaintiffs' allegations are not detailed enough to survive a motion to dismiss.

Plaintiffs respond that: (1) Mr. Works' representations were not "mere puffery"; (2) a confidential relationship existed between Plaintiffs and Mr. Works, causing any opinions to be actionable and reliance to be justifiable; and (3) the totality of the circumstances demands that Mr. Works' statements be deemed material.

The Court agrees with Plaintiffs that the alleged statements are material and that justifiable reliance has been adequately pleaded, but finds that the complaint fails to satisfy the *Twombly* pleading standard because it does not adequately establish that Mr. Works lacked reasonable grounds for believing his statements were true.

The elements of negligent misrepresentation are (1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage. *Apollo Capital Fund, LLC v. Roth Capital Partners, LLC*, 158 Cal. App. 4th 226, 243 (2007); *see also* Cal. Civ. Code § 1710, subd. 2 ("The assertion, as a fact, of that which is not true, by one who has no

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0906-DOC (JPRx)                              Date: March 11, 2014

                                                                                                       Page 9

reasonable ground for believing it to be true."). Unlike fraud, negligent misrepresentation does not require knowledge of falsity. *Apollo*, 158 Cal. App. 4th at 243. Instead, a person who makes false statements, honestly believing that they are true, may still be liable for negligent misrepresentation if he or she has no reasonable grounds for such belief. *Id*. Also unlike fraud, negligent misrepresentation requires a positive assertion to show a misrepresentation of material fact; an omission or an implied assertion will not suffice. *Id*.

### 1. Material misrepresentations

Whether a misrepresentation of fact is material depends on "whether the existence or non-existence of the fact in question is a matter to which a reasonable man would attach importance in determining his choice of action." *Casella v. Webb*, 883 F.2d 805, 807 (9th Cir. 1989). Statements that are "mere puffery" cannot constitute actionable misrepresentations of material fact. *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246 (9th Cir. 1990). The determination of whether an alleged misrepresentation is a statement of fact or instead "mere puffery" presents a question of law that may be resolved on a Rule 12(b)(6) motion. *Newcal Indus., Inc. v. Ilkon Office Solution*, 513 F.3d 1038, 1053 (9th Cir. 2008).

The difference between statements of fact and mere puffery lies in the generality or specificity of a claim. *Newcal Indus.*, 513 F.3d at 1053. "The common theme that seems to run through cases considering puffery in a variety of contexts is that consumer reliance will be induced by specific rather than general assertions." *Cook*, 911 F.2d at 246. Thus, statements that are vaguely optimistic, general, or subjective are often not actionable. *Id*. By contrast, statements that are specific, detailed, or definite are actionable. *Id.* However, even statements that "might be innocuous 'puffery' or mere statement of opinion standing alone may be actionable as an integral part of a representation of material fact when used to emphasize and induce reliance upon such a representation." *Casella*, 883 F.2d at 808.

In this case, the positive assertions alleged in the complaint consist of Rancher's statements that (a) financing with Goldman Sachs was in place to assure Rancher's financial success; (b) the investment was "a sure thing" and Plaintiffs would "make a lot of money" if they participated; and (c) "time was of the essence" and Plaintiffs needed to act quickly or lose the investment opportunity. Pl.'s Compl. ¶36 (Dkt. 28). The complaint also includes allegations concerning Rancher's failure to disclose information concerning its financial position, but because "an omission or an implied assertion or representation is not sufficient" for a claim of negligent misrepresentation, the Court must disregard them. *Id*. at ¶37; *Apollo*, 158 Cal. App. 4th at 243.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                                                                Date: March 11, 2014
                                                                                                                              Page 10

      The Court finds Mr. Works' alleged representations concerning the financing secured with Goldman Sachs to be material and not mere puffery. A reasonable investor would find the fact that Rancher had "significant financing" to be important because it would increase or reduce the amount of risk the investment would entail—in other words, it would influence the decision to invest or not. Pl.'s Compl. ¶39(i) (Dkt. 28). Moreover, Mr. Works' statement identifies a specific financial company; it does not merely express a general, optimistic hope of obtaining financing.[1]

      The Court also finds that Mr. Works' statement that the investment was "a sure thing" is sufficiently material. *Id.* at ¶36, 39(k). Although standing alone such an assertion would likely constitute puffery, the nature of the assurances and the context in which they were given combine to make this statement actionable. *See Casella*, 883 F.2d at 807–08 (finding that representation that an investment was "a sure thing" was actionable, not mere puffery, because when evaluated in context, alongside "specific misrepresentations of fact as to the future profitability of. . . the investment," the statements were "unquestionably material").

      Additionally, the Court finds that Mr. Works' statements that "time was of the essence" are actionable. The complaint alleges a course of high-pressure misrepresentations designed to induce Plaintiffs' hasty participation in the investment offering. Pl.'s Compl. ¶39 (Dkt. 28). These purportedly included representations that "the window of the Offering's investment opportunity was rapidly closing," and that "other investors had already expressed interest in acquiring. . . stock . . . so that plaintiffs' investment opportunity was in danger of being usurped." *Id.* at ¶39(a), (d) (Dkt. 28). Contrary to Rancher's assertion, when time-pressure tactics and statements are used to induce an investment of more than one million dollars, the words carry far more import than, for example, a television infomercial's exhortations to "act now." *See* Defs.' Mot. to Dismiss 8 (Dkt. 31).

      Assuming, as the Court must, that Plaintiffs' well-pled allegations are true, the statements Mr. Works made were of the type to "which a reasonable man would attach importance in determining his choice of action." *Casella*, 883 F.2d at 807. Thus, they were material. Accordingly, the Court finds that the positive representations, but not the alleged non-disclosures, are actionable as misrepresentations of material facts.

---

[1] The Court finds that the words "in place" and "forthcoming" as used in the complaint are not internally contradictory. As pleaded, the Court understands the allegation to mean that Mr. Works represented that Rancher had secured a financing commitment from Goldman Sachs, but that the funds were still forthcoming. Rancher's argument that this makes the "allegations even more uncertain" is unconvincing. *See* Defs.' Reply 8 (Dkt. 39).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                                                 Date: March 11, 2014
                                                                                                                                 Page 11

### 2. Without reasonable grounds for belief

The Court finds that Plaintiffs have insufficiently pleaded the second element of negligent misrepresentation. The complaint contains insufficient factual detail to support an inference that Mr. Works had no reasonable grounds for his statements. The complaint states repeatedly that "the true facts were to the contrary," followed by language repeating the alleged representation but stated in the negative. Pl.'s Compl. ¶39(a)–(*l*) (Dkt. 28). Yet the complaint does not set forth any facts showing *why it was unreasonable* for Mr. Works to believe the substance of his statements. A reasonable belief, even if erroneous, will not suffice for a claim of negligent misrepresentation. There must be some showing that the speaker's belief was unreasonable. The only language in the complaint concerning this element reads in conclusory, formulaic fashion: "Plaintiffs are informed and believe and based thereon allege that the representations…by defendant Works were false at the time they were made, and that he made them negligently…with no reasonable grounds for believing they were true." Pl.'s Compl. ¶38 (Dkt. 28). This is insufficient to satisfy the pleading standard of *Twombly* and *Iqbal*. *Cf. B.L.M. v. Sabo & Deitsch*, 55 Cal. App. 4th 823, 835 (1997) (finding the following allegation sufficient to plead that defendants lacked reasonable grounds for believing representations were true: "if defendants had 'utilized the skill, prudence and diligence' commonly possessed and exercised by members of their profession they would not have provided the opinion that prevailing wage was not required").

### 3. Intent to induce reliance

The Court finds that Plaintiffs have adequately pleaded the third element of negligent misrepresentation. The complaint states "Defendant Works, and thereby defendant Rancher, intended that plaintiff rely on the aforesaid representations." Pl.'s Compl. ¶40 (Dkt. 28). The Complaint also alleges that "plaintiffs were being induced to invest in order that Rancher would realize a significant cash infusion which was critically needed to fund its operations." *Id.* at ¶39(h). These statements suffice to show an intent by Mr. Works' to induce Plaintiffs' reliance and obtain their investment.

### 4. Justifiable reliance

The Court finds that Plaintiffs have sufficiently pleaded justifiable reliance. As discussed above, Mr. Works' alleged statements were material and not mere puffery. Moreover, the Complaint alleges facts tending to make reliance justifiable—namely, the existence of "a confidential relationship between plaintiffs and defendant Works, whereby plaintiffs were induced to place full reliance on Works' integrity and fidelity and his assertions." Pl.'s Compl. ¶41 (Dkt. 28). In light of these allegations, and because

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                                Date: March 11, 2014
                                                                                              Page 12

"reasonableness of reliance on a misrepresentation is ordinarily a question of fact," the Court finds Plaintiffs have sufficiently pleaded justifiable reliance. *See Anschutz Corp. v. Merrill Lynch & Co. Inc.*, 785 F. Supp. 2d 799, 827 (N.D. Cal. 2011).

### 5. Damages

The Complaint alleges that, as a proximate result of Mr. Works' misrepresentations, Plaintiffs lost their entire investment in the sum of $1,843,025. Pl.'s Compl. ¶43 (Dkt. 28). The Court finds that this suffices to plead the fifth element of negligent misrepresentation because it constitutes the risk of harm (loss of investment) that would flow from the negligent misrepresentations alleged in the Complaint.

### E. Claim for violation of California Corporations Code §25401

Section 25401 of the California Corporations Code provides:

> It is unlawful for any person, in connection with the offer, sale, or purchase of a security, directly or indirectly, to do any of the following:
>
> …
>
> (b) Make an untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which they were made, not misleading.

Cal. Corp. Code § 25401.

Section 25401 differs from common law negligent misrepresentation in that: (1) proof of reliance is not required; (2) although the fact misrepresented or omitted must be "material," no proof of causation is required; and (3) plaintiff need not plead defendant's negligence. *Bowden v. Robinson*, 67 Cal. App. 3d 705, 715 (1977). The Court, as detailed above, has concluded that the statements Mr. Works allegedly made were misrepresentations of material fact. In addition, each of the factual omissions that were insufficient to support Plaintiffs' claim of negligent misrepresentation are actionable in their claim for violation of Section 25401. For instance, the Complaint alleges that Mr. Works "omitted and failed to disclose material facts and material documentation necessary to make the statements by defendant Works not misleading," including Rancher's precarious financial position and lack of a secure financing commitment. Pl.'s Compl. ¶25 (Dkt. 28). Furthermore, the deficiency in Plaintiffs' negligent

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                                                    Date: March 11, 2014
                                                                                                                Page 13

misrepresentation claim—failure to adequately plead Mr. Works' lack of grounds for reasonable belief—does not mar their Section 25401 claim because "plaintiff[s] need not plead defendant's negligence" in pleading a violation of Section 25401.  *Bowden*, 67 Cal. App. 3d at 715.  Accordingly, the Court finds that Plaintiffs' claim for violation of Section 25401 is sufficiently pleaded.

## IV. DISPOSITION

     Accordingly, the Court GRANTS Defendant's Motion to Dismiss as to Plaintiffs' negligent misrepresentation claim, and DISMISSES that claim WITHOUT PREJUDICE.  But the Court DENIES Defendant's Motion to Dismiss as to Plaintiff's claim for violation of Section 25401.

     Plaintiffs may file an amended complaint on or before **March 25, 2014.**

     The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                                                          Initials of Deputy Clerk: jcb