O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                Date:  June 2, 2014

Title: FRANK W. CUTLER, ET AL. V. RANCHER ENERGY CORP., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

|              Julie Barrera              |              Not Present              |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| :---: | :---: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION TO**
**DISMISS [51] [52]**

Before the Court is Defendant's renewed Motion to Dismiss (Dkts. 51, 52).  The Court finds this matter appropriate for resolution without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving and opposing papers and the entirety of the record, the Court DENIES the motion.

**I.     BACKGROUND**

The Court described fully the facts of the case in its prior order.  Plaintiffs Frank W. Cutler et al. ("Plaintiffs") brought this lawsuit against Defendants Rancher Energy Corp. ("Rancher") and John Works (CEO of Rancher) based on representations made to Plaintiffs regarding investments.

After an initial Motion to Dismiss by Defendant Works, the Court dismissed without prejudice Plaintiffs' negligent misrepresentation claim.  *See* Order, March 11, 2014 (Dkt. 44).  The Court found that Plaintiffs had failed to sufficiently allege the lack of reasonable grounds for belief in the alleged misrepresentations' truth.  *Id*. at 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0906-DOC (JPRx)                              Date: June 2, 2014
                                                             Page 2

     Plaintiffs filed a Third Amended Complaint ("TAC") on March 25, 2014 (Dkt. 47).  Defendants filed the instant motion on April 15, 2014, alleging that Plaintiffs did not cure the deficiency in their Second Amended Complaint.

## II.   LEGAL STANDARD

     Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

     Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made).  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires."  This policy is applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III.   ANALYSIS

     Plaintiffs added allegations in the TAC that are very similar to the text of a California Court of Appeal case cited in the Court's prior order.  The additional allegations are, essentially, as follows

     38. Plaintiffs are informed and believe and based thereon allege that the representations, promises, assurances and expressions of opinion by defendant Works were false at the time they were made, and that he made them negligently, carelessly and recklessly with no reasonable grounds for believing they were true. Defendant Works, as a corporate officer and director, lacked reasonable grounds for believing that the substance of his

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0906-DOC (JPRx)                              Date: June 2, 2014
                                                             Page 3

> statements, representations, promises, assurances and expressions of
> opinion were true because he failed to utilize the degree of skill, prudence
> and diligence commonly possessed by corporate officers and corporate
> directors, and if he had utilized such skill, prudence and diligence, he
> would not have made such statements, representations, promises,
> assurances and expressions of opinion.

TAC ¶ 38.  Plaintiffs pull the bulk of this language from *B.L.M. v. Sabo & Deitsch*, 55
Cal. App. 4th 823, 835 (1997).  Defendants argue that this addition does not actually
articulate new *facts*.  Further, Defendants point out that the *Sabo & Deitsch* case is
irrelevant to the present motion because the case is a California case decided before *Iqbal*
and *Twombly*.  The Court agrees that the case is not directly on point nor is it binding
authority.  However, the Court finds the minimal additions sufficient to bring Plaintiffs'
allegations over the *Iqbal* burden.  The Second Amended Complaint already described in
detail the allegedly false facts and their allegedly truthful counterparts.  Plaintiffs'
additions provide some explanation of why Defendant Works' belief in these
representations' truthfulness was unreasonable.  The Court therefore DENIES the motion
to dismiss.

## IV.    DISPOSITION

Accordingly, the Court DENIES Defendant's Motion to Dismiss.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                                    Initials of Deputy Clerk: jcb